UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDREW CONEV,

                Plaintiff,

v.

SNOHOMISH COUNTY JAIL, et al.,

                Defendants.

Case No. C17-1907 RSM-BAT

**ORDER DECLINING SERVICE AND GRANTING LEAVE TO AMEND**

On December 19, 2017, Andrew Conev, a Snohomish County Jail detainee filed letter in case number C17-1725 RSM. *See* Dkt. 9 (C17-1725 RSM). Because the letter asserted Mr. Conev was raising "a new claim" it was assigned the case number herein. The letter alleges on December 7, 2017, Snohomish County Jail released Mr. Conev temporarily for a psychiatric evaluation. Mr. Conev indicates he was prescribed "a couple different meds," and that the jail is not dispensing them as prescribed. He claims he and his lawyer "are taking this to court next week." He also alleges he feels the medical staff is retaliating against him for making complaints about his medications.

The Court declines to serve the complaint because it fails to state a claim upon which relief may be granted, and is subject to dismissal. It also appears Mr. Conev has not exhausted his administrative remedies. Additionally, this Court may be required to abstain from addressing the claim because as Mr. Conev alleges, he and his lawyer are taking the matter to Court.

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND - 1

However, because Mr. Conev is proceeding *pro se*, the Court grants him leave to file by **January 31, 2018**, an amended complaint, or to show cause why the complaint should not be dismissed**.**

## DISCUSSION

To sustain a civil rights action under § 1983, Mr. Convev must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**A.     Liability of Parties**

Mr. Conev has not named the specific defendants against which he brings his claims. If he seeks to sue Snohomish County, he must show the county itself violated his rights or that it directed its employees to do so. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1994).  Under this theory of liability, the focus is on the county's "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's Officers." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell*, 436 U.S. at 690).  The county is not liable for the acts of its employees under a respondeat superior theory of liability. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Therefore, in order to sue Snohomish County, Mr. Conev must allege facts showing that any constitutional deprivation he suffered was the result of a custom or policy of the county.

Is he seeks to sue a county employee who is a supervisor, Mr. Conev must allege facts showing that the individual defendant supervisor participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it.  *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998), *cert. denied*, 525 U.S. 1154 (1999); *Ashcroft v. Iqbal*, 556 U.S. 662, 129

S.Ct. 1937, 1948 (2009) (vicarious liability is inapplicable to a § 1983 suit).

And finally, if Mr. Conev seeks to sue an individual employee of the jail, Mr. Conev must prove that a particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). Mr. Conev must set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

The complaint does not meet these standards. Instead it alleged a denial of adequate medical care. This is not sufficient to state an Eighth Amendment violation. Mr. Conev may file an amended complaint to provide additional facts to support this claim, including the nature of his injuries and which individual or individuals knew of his injuries and failed to provide treatment.

**B.      Exhaustion**

Mr. Conev should also note the The Prison Litigation Reform Act ("PLRA") provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement normally applies to any suit, brought under any federal statute, regarding conditions of imprisonment, including "all prisoners seeking redress for prison circumstances and occurrences . . . whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (same). Mr. Conev should therefore in this amended complaint set forth whether he has exhausted the administrative

remedies available to him or not.

**C.     Pending State Matter**

Mr. Conev also states that he and his lawyer are taking this matter to court. The Court interprets this to mean that the allegations Mr. Conev raises are related to his pending state criminal case. Normally, federal courts must abstain from interfering with pending state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention is appropriate where: (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to resolve federal questions. *Dubinka v. Judges of the Superior Ct*., 23 F.3d 218, 223 (9th Cir. 1994). In his amended complaint Mr. Conev should set forth whether his claims here are being addressed as part of his criminal matter, in which case this Court should abstain from interfering, or whether his claims are not being addressed by the state court and may properly be brought before this court.

**CONCLUSION**

The Court **DECLINES** to serve the amended complaint which as discussed above is deficient.  However, the Court grants plaintiff permission to submit an amended complaint to attempt to cure the above-mentioned deficiencies by **January 31, 2018.**  The amended complaint must carry the same case number as this one.

Mr. Conev should note that the amended complaint replaces the original complaint and that the Court will review the case solely based upon the allegations set forth in the amended complaint. **If no amended complaint is timely filed, or if an amended complaint is filed that is still deficient, the Court will recommend that this matter be dismissed under 28 U.S.C. §**

**1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted.**

The Clerk is directed to provide a copy to Mr. Conev.

DATED this 9th day of January 2018.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND - 5