UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDREW CONEV,

                Plaintiff,

v.

SNOHOMISH COUNTY JAIL, et al.,

                Defendants.

Case No. C17-1907 RSM-BAT

**REPORT AND RECOMMENDATION**

On December 19, 2017, Andrew Conev, a Snohomish County Jail detainee filed letter in case number C17-1725 RSM. *See* Dkt. 9 (C17-1725 RSM). Because the letter asserted Mr. Conev was raising "a new claim" the Court viewed it as a new complaint and assigned the case number herein. In this pleading, Mr. Conev alleges that on December 7, 2017, Snohomish County Jail released him temporarily for a psychiatric evaluation. Mr. Conev alleges he was prescribed "a couple different meds," and the jail is not dispensing them as prescribed. He claims he and his lawyer "are taking this to court next week." He also alleges he feels the medical staff is retaliating against him for making complaints about his medications. *See* Dkt. 6.

The Court issued an order declining to serve the complaint because it failed to state a claim upon which relief may be granted, and is subject to dismissal. It also appeared Mr. Conev had not exhausted his administrative remedies. Dkt. 7. Additionally, it appeared the Court might be required to abstain from addressing the claim because as Mr. Conev alleges, he and his lawyer

REPORT AND RECOMMENDATION - 1

are taking the matter to Court. In the order declining service, the Court granted Mr. Conev leave to file by **January 31, 2018**, an amended complaint, or to show cause why the complaint should not be dismissed. Mr. Conev has not responded to the show cause order as of this date. As discussed below, the Court recommends the case be dismissed without prejudice.

## DISCUSSION

To sustain a civil rights action under § 1983, Mr. Convev must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**A.    Liability of Parties**

Mr. Conev has not named the specific defendants against which he brings his claims. In the order to show cause, he was informed that if he seeks to sue Snohomish County, he must show the county itself violated his rights or that it directed its employees to do so. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1994). Under this theory of liability, the focus is on the county's "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's Officers." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell*, 436 U.S. at 690). The county is not liable for the acts of its employees under a *respondeat superior* theory of liability. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Therefore, in order to sue Snohomish County, Mr. Conev was advised that he must allege facts showing that any constitutional deprivation he suffered was the result of a custom or policy of the county. Mr. Conev has not responded to the show cause order and has failed to state a colorable claim against the county.

Mr. Conev was also informed that if he seeks to sue a specific county employee who is a

REPORT AND RECOMMENDATION - 2

supervisor, Mr. Conev must allege facts showing that the individual defendant supervisor participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998), *cert. denied*, 525 U.S. 1154 (1999); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948 (2009) (vicarious liability is inapplicable to a § 1983 suit). Mr. Conev has not submitted anything establishing supervisory liability.

And finally, Mr. Conev was advised that if he seeks to sue an individual employee of the jail, he must show that a particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). Mr. Conev must set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

The complaint does not meet these standards, and Mr. Conev has not responded to the show cause order. The Court thus has before it a complaint that alleges a denial of adequate medical care, without naming any particular defendant and without setting forth facts that establish a constitutional deprivation of medical care. A conclusory state that simple alleges a denial of medical care is not sufficient to state an Eighth Amendment violation. An entitlement to relief requires factual support that goes beyond "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). A claim upon which the court can grant relief has facial plausibility, that is, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As Mr. Conev has failed to meet these standards, and has been given the

REPORT AND RECOMMENDATION - 3

opportunity to file an amended complaint, his complaint, Dkt. 7, should be dismissed without prejudice.

**B.      Exhaustion**

The show cause order also advised Mr. Conev that the The Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement normally applies to any suit, brought under any federal statute, regarding conditions of imprisonment, including "all prisoners seeking redress for prison circumstances and occurrences . . . whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (same). Given the date of the alleged violation (December 7, 2017) and the date the complaint was filed (December 19, 2017) Mr. Conev was advised he should file should filed an amended complaint that sets forth whether he has exhausted the administrative remedies available to him or not. He has not submitted anything showing he has exhausted his administrative remedies.

**C.      Pending State Matter**

Mr. Conev's complaint also alleges he and his lawyer are taking this matter to court. The Court interprets this to mean the allegations Mr. Conev raises are related to his pending state criminal case. Normally, federal courts must abstain from interfering with pending state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention is appropriate where: (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to resolve federal

REPORT AND RECOMMENDATION - 4

questions. *Dubinka v. Judges of the Superior Ct.*, 23 F.3d 218, 223 (9th Cir. 1994). The Court requested in the show cause order that Mr. Conev set forth whether his claims here are being addressed as part of his criminal matter, in which case this Court should abstain from interfering, or whether his claims are not being addressed by the state court and may properly be brought before this court. Mr. Conev has not responded to the request.

## CONCLUSION

The Court recommends the case be dismissed without prejudice. As discussed above, the Court issued a show cause order directing Mr. Conev to file an amended complaint that sets forth facts sufficient to state a claim upon which relief may be granted; to indicate whether he has exhausted his administrative remedies; and to indicate whether the matter is part of his pending state criminal case or not. Mr. Conev has not responded, and what is thus currently before the Court is a deficient complaint. Mr. Conev was given the opportunity to amend his deficient complaint, and was informed that if he failed to do so the Court would recommend dismissal. As he has not responded, the Court recommends the case be **DISMISSED** without prejudice.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed a no later than **February 19, 2018.** The Clerk should note the matter for **February 23, 2018**, as ready for the District Judge's consideration if no objection is filed. Objections shall not exceed 8 pages.

The failure to timely object may affect the right to appeal. The Clerk is directed to provide a copy to Mr. Conev.

REPORT AND RECOMMENDATION - 5

DATED this 5th day of February 2018.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6